UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>  Plaintiff,<br><br>  v.<br><br>S. JOHNSTON, et al.,<br><br>  Defendants. | No.  2:19-cv-2423-WBS-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff filed this action on December 3, 2019 (ECF No. 1) and simultaneously moved to proceed in forma pauperis (ECF No. 2).  On April 8, 2020, the court determined that plaintiff was a "three-striker" within the meaning of 28 U.S.C. § 1915(g).  ECF No. 8.  It also found that he did not qualify for the imminent danger exception.  *Id*. at 2.  The court's recommended that plaintiff be directed to pay the filing fee within fourteen days of any order adopting its recommendations.  *Id.*  The district judge adopted the court's recommendations on June 17, 2020.  ECF No. 12.  Plaintiff did not pay the filing fee within the allotted time and, on July 7, 2020, the district judge entered an order dismissing this action.  ECF No. 14.  Now, plaintiff has filed a motion for reconsideration, appointment of counsel, and for reassignment of this case.  ECF No. 16.

/////

/////

/////

1

## Legal Standards

As an initial matter, a grant of a motion to amend or alter judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *See Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., *Moore's Federal Practice* § 59.30[4] (3d ed. 2000)).  A motion to amend or alter judgment should be granted only where a court "'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (quoting *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999)).

## Analysis

Nothing in the current motion meets the requirements for granting a motion to amend or alter judgment.  Plaintiff has failed to point to newly discovered evidence or an intervening change in controlling law.  He appears to argue that the dismissal of his case was error and contends that he is, in fact, indigent.  ECF No. 16 at 1.  The court's denial of his IFP application, however, was based on his status as a "three-striker" – not his ability to pay.  And he has offered no cogent argument that he is not a "three-striker."  Thus, it is recommended that his motion to alter judgment be denied.

Plaintiff also contends that counsel should be appointed on his behalf and that the case should be assigned to a different magistrate judge because the undersigned is "not competent." *Id.*  Given that this case has been dismissed and alteration of that judgment should be denied, the requests for appointment of counsel and reassignment of the case are denied.

## Conclusion

Based on the foregoing, it is ORDERED that the requests for appointment of counsel and reassignment of the case contained in plaintiff's motion (ECF No. 16) are DENIED.

Further, it is RECOMMENDED that the request to alter or amend judgment contained in plaintiff's motion (ECF No. 16) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 28, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE